UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| JASON PALMEIRA | : | August 1, 2006 |

GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Pursuant to Title 18, United States Code, Section 3142, the Government hereby requests that the defendant be ordered detained prior to trial.

I. Eligibility of Case

This case is eligible for pretrial detention because it involves:

__X__ a crime of violence as defined in Title 18, United States Code, Section 3156;

____ an offense for which the maximum sentence is life imprisonment or death;

____ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 802, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a);

_____ any felony committed after the defendant has been convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

____ a serious risk that the defendant will flee; and/or

_____ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

II. Reason for Detention

The Court should detain defendant because there are no conditions of release which will reasonably assure:

_____ the defendant's appearance as required; and/or

__X__ the safety of any other person and the community.

III. Rebuttable Presumption

The Government will not invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e). The presumption applies because:

_____ the defendant has been convicted of a Federal offense described in Title 18, United States Code, Section 3142(f)(1) or of a State or local offense that would have been an offense described in Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

_____ an offense described in Title 18, United States Code, Section 3142(e)(1) was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

_____ a period of not more than five years had elapsed since the date of conviction, or the release of the defendant from imprisonment, for an offense described in Title 18, United States Code, Section 3142(e)(1), whichever is later; or

_____ there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the

Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951, et seq.), Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a), or an offense under Section 924(c) of Title 18 of the United States Code.

__X__ there is probable cause to believe that the defendant committed an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 of Title 18 of the United States Code.

IV. Time for Detention Hearing

The Government requests that the Court conduct the detention hearing:

__X_ at the defendant's first appearance;

____ after a continuance of 3 days.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


___/s/_____
GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut 06103
Tel. (860) 947-1101
Federal Bar No. ct25326

## CERTIFICATION

I hereby certify that a copy of the foregoing motion was hand-delivered on this 1st day of August, 2006, to the attorney for the defendant in this matter.

                                                             /s/_____
GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY