

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| Abraham A. Ribicoff Federal Building | (860) 947-1101 |
| 450 Main Street, Room 328 | |
| Hartford, Connecticut 06103 | Fax (860) 240-3291 |

May 22, 2007

Gary D. Weinberger, Esq.
Assistant Federal Public Defender
10 Columbus Boulevard, Floor 6
Hartford, Connecticut 06106-1976

**Re:**   **United States v. Jason Anthony Palmeira**
**Criminal No. 3:07CR 116  (RNC)**

Dear Mr. Weinberger:

This letter confirms the plea agreement entered into between your client, Jason Anthony Palmeira (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.  This plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby the parties agree to a sentence of between thirty-six (36) and seventy-one (71) months imprisonment and ten years supervised release.

**THE PLEA AND OFFENSE**

Jason Anthony Palmeira agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of Title 18 U.S.C. § 2423(b).  He understands that to be guilty of this offense, the following essential elements must be satisfied:

1. That the defendant traveled in interstate commerce; and

2. That the defendant acted with intent to engage in illicit sexual conduct, as defined in Title 18 U.S.C. § 2423(f).

*Gary D. Weinberger, Esq.*
*Page-2*

## THE PENALTIES

The offense set forth in Count One of the Information carries a maximum penalty of up to thirty years imprisonment. In addition, under 18 U.S.C. § 3583(k), the Court may impose supervised release for any term of years up to life, to begin at the expiration of any term of imprisonment imposed. The Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a ten year term of supervised release, to begin at the expiration of the term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to three years with no credit for the time already spent on supervised release. The defendant and the Government jointly recommend that the Court impose the following Special Conditions of Supervised Release:

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office. The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the probation officer;

2. The defendant shall not be permitted to use the Internet to access or view child pornography or be in close proximity to anyone using the Internet for such a purpose;

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer related restrictions that are imposed;

4. The defendant shall have no unsupervised contact with any child under 18 years of age. Supervision of his interaction with any child should be only with the approval of the United States Probation Officer and treatment provider;

5. The defendant shall permit the United States Probation Officer, upon reasonable suspicion and accompanied by either local, state, or Federal law enforcement authorities, to conduct a search of the defendant's residence, automobile, computer and workplace for the presence of sexually explicit materials involving minors;

6. The defendant shall comply with any applicable federal, state and local sex offender registry;

7. The defendant shall provide the probation officer with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

8. The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the probation officer, unless as part of an approved counseling group;

*Gary D. Weinberger, Esq.*
*Page-3*

9. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18;

10. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (I) and § 3612(g).

## RESTITUTION

In addition to the other penalties provided by law, the defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the Court shall enter a restitution order requiring the defendant pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the Court in accordance with the provisions of 18 U.S.C. § 2259. The scope and effect of the agreed-to order of restitution are set forth in the attached Rider Concerning Restitution. The defendant understands that if he fails to make such agreed-upon restitution that the Government may seek to void this agreement.

## THE SENTENCING GUIDELINES

### The Sentence Agreement is Binding on the Court

The Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a sentence of between 36 and 71 months' imprisonment and a ten year term of supervised release, as indicated above. The defendant understands that he will be obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on the count of conviction. The defendant further understands that if the Court accepts this plea agreement and sentence agreement, it will bind the Court to impose a term of imprisonment between 36 and 71 months and a ten year term of supervised release. The Government and the defendant further agree that all other aspects of the sentencing, including where to sentence the defendant within the agreed-upon 36 to 71 month range, the imposition of any fine and the conditions of the defendant's Supervised Release (although the parties' jointly recommend that the Court impose the ten Special Conditions discussed above), will be left to the discretion of the Court.

*Gary D. Weinberger, Esq.*
*Page-4*

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory, and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) in reaching a determination as to whether or not to accept the sentencing agreement set forth above, providing for a sentence of no less than 36 months and no more than 71 months' imprisonment. The Court will, further, consider the factors set forth in 18 U.S.C. § 3553(a) in determining where to sentence the defendant within the agreed-upon 36 to 71 month range. *See United States v. Booker*, 125 S. Ct. 738 (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

Stipulation

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are

*Gary D. Weinberger, Esq.*
*Page-5*

obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

As discussed above, the Government and the defendant agree that if the Court accepts this plea agreement and sentence agreement, it will bind the Court to impose a term of imprisonment between 36 and 71 months. In addition, the parties agree that in determining where to sentence the defendant within the agreed-upon 36 to 71 month range, the Court will consider the defendant's applicable Sentencing Guidelines range as well as other factors enumerated in 18 U.S.C. § 3553(a).

The Government and the defendant further stipulate and agree that the defendant's applicable Sentencing Guidelines calculation results in a range of 57 to 71 months' imprisonment and a fine range of $10,000 to $100,000 and is calculated as follows: The base offense level under U.S.S.G. § 2G1.3 is 24. Two levels are added under U.S.S.G. § 2G1.3(b)(3) because the defendant used a computer to offer and encourage the victim to engage in prohibited sexual conduct and the defendant used a computer to facilitate the travel of the victim to engage in prohibited sexual conduct. Two more levels are added under U.S.S.G. § 2G1.3(b)(4) because the offense involved the commission of a sex act or sexual conduct. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 25. A total offense level of 25, with a criminal history category I, which the parties understand the defendant to be, results in a range of 57 to 71 months' imprisonment (sentencing table) and a fine range of $10,000 to $100,000 (U.S.S.G. § 5E1.2(c)(3)).

The defendant recognizes and understands that the Government intends to argue for a sentence of a term of imprisonment within the defendant's applicable Sentencing Guidelines range, namely, 57 to 71 months. The Government recognizes and understands that the defendant intends to argue for a sentence of a term of imprisonment below his Guidelines range down to 36 months.

The defendant expressly understands that, if the Court accepts this plea agreement, the Court is bound by this agreement on the agreed-upon 36 to 71 month imprisonment range and a ten year term of supervised release, as specified above. In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations or the appropriate sentence. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if

*Gary D. Weinberger, Esq.*
*Page-6*

that sentence does not exceed the guideline range specified above, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights. Likewise, the Government will not appeal the sentence imposed by the Court if that sentence is not below the guideline range specified above, even if the Court imposes such a sentence based on an analysis different from that specified above.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

*Gary D. Weinberger, Esq.*
*Page-7*

<u>Waiver of Right To Post-Conviction DNA Testing of Physical Evidence</u>

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorneys. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

*Gary D. Weinberger, Esq.*
*Page-8*

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Defendant may also be required to register with state authorities as a sex offender. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, which forms the basis of the Information in this case.

The defendant expressly understands that in consideration of the defendant's guilty plea, the Government has agreed, *inter alia*, not to charge the defendant with coercion and enticement in violation of 18 U.S.C. § 2422(b) or transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), which would have subjected the defendant to a mandatory minimum term of incarceration of 60 months. The defendant expressly understands that if this plea agreement is not accepted, the Government will be free to charge the defendant with coercion and enticement in violation of 18 U.S.C. § 2422(b), transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) or any other appropriate charge as a result of the defendant's offense conduct which forms the basis for the Information in this case.

The defendant further understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Gary D. Weinberger, Esq.*
*Page-9*

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

JASON ANTHONY PALMEIRA                          5/22/07
The Defendant                                         Date


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

GARY D. WEINBERGER, ESQ.                        5/22/07
Attorney for the Defendant                            Date

## STIPULATION OF OFFENSE CONDUCT

The defendant, Jason Anthony Palmeira, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

In June 2006, the defendant met the victim, a fifteen (15) year old female, using an internet website known as www.myspace.com. This website allows individuals to create user profiles, to post personal information and to communicate with friends via the internet. Palmeira's www.myspace.com profile identified himself as a twenty-six (26) year old male and the victim's profile identified herself as a fifteen (15) year old female.

Palmeira and the victim started communicating often via the internet. Some of their conversations were sexual in nature. In addition, Palmeira and the victim communicated with each other about getting together and engaging in sexual conduct. Ultimately, Palmeira and the victim agreed that Palmeira would pick the victim up during the evening of July 13, 2006 so that Palmeira and the victim could spend the evening together and engage in sexual conduct.

On July 13, 2006, Palmeira drove to the victim's hometown, which is located in Hartford County in Connecticut. Palmeira drove the victim from Connecticut to a home in Springfield, Massachusetts. While at the Springfield, Massachusetts home, Palmeira and the victim engaged in sexual acts as defined in 18 U.S.C. § 2246. Palmeira drove the victim back to her hometown in Connecticut during the morning of July 14, 2006.

On August 1, 2006, federal agents arrested Palmeira pursuant to an arrest warrant and criminal complaint. At the time of his arrest, Palmeira was cooperative, voluntarily waived his Miranda rights and agreed to be interviewed by federal agents. During the interview, Palmeira admitted that he transported the victim, who Palmeira knew was fifteen years old, across state lines for the purpose of engaging sexual conduct.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.


_____                    _____
JASON ANTHONY PALMEIRA                       GEOFFREY M. STONE
THE DEFENDANT                                ASSISTANT U.S. ATTORNEY


_____
GARY D. WEINBERGER, ESQ.
ATTORNEY FOR THE DEFENDANT

## RIDER CONCERNING RESTITUTION

The defendant agrees to make restitution to all victims of his criminal conduct, not merely to those victims specifically encompassed in the count to which he agrees to plead guilty. Pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)    medical services relating to physical, psychiatric, or psychological care;

(B)    physical and occupational therapy or rehabilitation;

(C)    necessary transportation, temporary housing, and child care expenses;

(D)    lost income;

(E)    attorneys' fees, as well as other costs incurred; and

(F)    any other losses suffered by the victim as a proximate result of the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.